## MATHER and others *v.* NESBIT.

*(Circuit Court, D. Minnesota.   October 30, 1882.)*

1. STATE INSOLVENCY LAWS—CONSTITUTIONALITY.

    In the absence of congressional action enacting a bankrupt law, states may pass insolvent laws; but such laws have no extraterritorial operation, and do not apply to contracts made within the state between its citizens and citizens of other states. Such laws do not necessarily impair the obligation of contracts within the inhibition of the constitution of the United States.

2. SAME.

    The provision of an insolvent law which does not grant a discharge of the debtor on surrender of all his property to an assignee or a receiver, but merely gives a priority to creditors who will release the debtor over those who stand back and do not accept the conditions under which his property passes to the assignee or the receiver, and who alone can receive dividends from the estate, is not in conflict with the constitution of the state or of the United States.

3. SAME—ATTACHMENT—DISSOLUTION OF.

    Section 915 of the Revised Statutes adopts the remedy by attachment provided by state laws; and when a contingency arises whereby the attachment would be dissolved under provisions of a state law, the attachment will be deemed dissolved in a federal court, as provided in section 933 of the Revised Statutes.

In this case, on application of plaintiffs, a writ of attachment issued and the property of defendant was seized by the United States marshal. Subsequently, the defendant, under the insolvency act of Minnesota, (chapter 148, Laws 1881,) made an assignment for the distribution of his property under said law. It is claimed that the attachment is dissolved by virtue of said assignment, and application is made to the court for an order that the United States marshal turn the property over to the assignee. Plaintiff opposes said application and the motion is heard by the court.

*Frackelton & Warner,* for the motion.

*Woods & Hahn, contra.*

NELSON, D. J.   It is urged that the insolvency law of the state of Minnesota (Gen. Laws 1881, *c.* 148) impairs the obligation of contracts and is unconstitutional, and that each and every part of the same is void; also that the process of attachment issued out of the federal court, and all rights and incidents thereto attaching, cannot be affected by this law. The following principles are well settled: (1) That in the absence of congressional action enacting a bankrupt law, the states may pass insolvent laws, and such laws do not necessarily impair the obligation of contracts. (2) Such insolvent laws have no extraterritorial operation upon the contracts of

other states, and do not apply to contracts made within the state between a citizen of the state and citizens of other states. The rules as above stated have been frequently announced by the supreme court of the United States. 12 Wheat. 213; 6 Pet. 643; 5 How. 295; 1 Wall. 225. See 1 Dill. 515; *Bedell* v. *Scruton*, 26 Alb. Law J. 348.

The insolvent law of Minnesota does not grant a discharge of the debtor on surrender of all his property to an assignee or receiver. The courts are open to any creditor who is not disposed to become a party to the insolvency proceedings, and unless a creditor gives a release to his insolvent debtor he can bring suit and obtain judgment; but a priority is given to creditors who will release the debtor over those who stand back and do not accept the conditions under which the insolvent's property passes to the assignee or the receiver, and they only can receive dividends from the estate. This provision does not conflict with the constitution of the state of Minnesota or United States, for such right of priority is a personal privilege and forms no part of the contract. I do not care to discuss this point, and it is not necessary.

The law certainly does not impair the obligation of plaintiff's contract by giving this priority. True, in terms it dissolves the process of attachment under which the debtor's property was seized, but the federal court can issue such a writ only when the state law permits it. Section 915, U. S. Rev. St., adopts the remedy by attachment which is now provided by the law of the state of Minnesota, and it is by this recognition of the process that the writ issued in this case.

Have the insolvency proceedings dissolved this attachment? The plaintiffs say the writ is not affected by this act. The first section of the insolvency act authorizes an assignment to be made by a debtor whose property has been seized by attachment, and such assignment is an initiatory step to proceeding under the act. When an assignment is made conforming to this section and perfected, the attachment by the terms of the act is dissolved, and the title to the property vests in trust in the assignee. If the attachment had issued from the state court, it would be dissolved. The plaintiff concedes it, and it is clear that a contingency has arisen which is provided for in section 933, Rev. St. This section enacts that—

"An attachment of property upon process instituted in any court of the United States to satisfy such judgment as may be recovered by the plaintiff therein * * * shall be dissolved when any contingency occurs by which, according to the laws of the state where said court is held, such attachment

would be dissolved upon like process instituted in the courts of said state, provided that nothing herein contained shall interfere with any priority of the United States in the payment of debts."

This law is explicit, and puts attachments in the state and federal courts on the same footing. It follows, therefore, that the attachment in this case is dissolved, and the marshal is ordered to turn over the property to the assignee on payment of necessary expenses and legal fees.